McCRAKEN (BROOKE v.). See Case No. 1,-932.

McCRAKEN (UNITED STATES v.). See Case No. 15,664.

McCREA (BANK OF ALEXANDRIA v.). See Case No. 849.

---

## Case No. 8,732.

### Ex parte McCREADY.

[1 Hughes, 598.] [1]

Circuit Court, E. D. Virginia. Oct. 10, 1874.

CONSTITUTIONAL LAW—OYSTERS—PROHIBITION TO CITIZENS OF ANOTHER STATE—HABEAS CORPUS.

1. The Virginia act of assembly (section 22, c. 214, Acts 1874), prohibiting persons, other than citizens of Virginia, from taking or planting oysters in the waters of the commonwealth, and subjecting offenders to forfeiture and indictment, fastens the disability of alienage upon non-residents, and places them on a different footing from residents in respect to the privileges denied, and is therefore unconstitutional.

2. A person indicted and imprisoned under this act of assembly is deprived of his liberty in violation of the constitution of the United States, and therefore if in prison under state prosecution, may be released on habeas corpus by a judge of a court of the United States, under the act of congress of February 5, 1867 [14 Stat. 385]; Rev. St. U. S. § 753.

[Cited in Ex parte Davis. 21 Fed. 396.]

On writ of habeas corpus.

BOND, Circuit Judge. James W. McCready, a citizen of the state of Maryland, is held to answer in the county court of Gloucester county, in this district, upon an indictment found by the grand jury of that county in the words following: (Here follows the indictment.) This indictment is founded upon section 22 of chapter 214 of the acts of assembly, 1874, p. 243, entitled "An act for the preservation of oysters, and to obtain revenue for the privilege of taking them within the waters of the commonwealth," which is as follows: "If any person other than a citizen of this state shall take or catch oysters or other shellfish in any manner, or plant oysters in the waters thereof, or in the rivers Potomac or Pocomoke, he shall forfeit five hundred dollars, and the

---

3 [From 15 Leg. Int. 388.]
1 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

vessel, tackle, and appurtenances; and any non-resident shall be deemed to have violated this section who shall allow oysters purchased by him for sale, and laid out as purchased, to remain so laid down more than sixty days." To obtain his release, McCready has petitioned this court for the writ of habeas corpus, which was granted him, and he now claims his discharge because, as he alleges, his arrest is in violation of the fourth article of the constitution of the United States, which provides that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.

It is urged on the part of the attorney-general that the right to catch or plant oysters is neither a privilege nor an immunity within the meaning of the constitution of the United States; and that even if it were, the petitioner must seek his redress in the state court, where, if this point be decided against him, he may have an appeal to the supreme court, and that this court has no jurisdiction on habeas corpus to release him. That to catch and plant oysters is the privilege of the citizens of the state of Virginia is manifest from the first section of chapter 214, which declares and provides: "All the beds of the bays, rivers, and creeks, and the shores of the sea within the jurisdiction of this commonwealth, shall continue and remain the property of the commonwealth, and may be used as a common by all the people of the state for the purpose of fishing and fowling, and of taking and catching oysters," etc. The state of Virginia, after declaring the beds of the bays and rivers her property, might have prohibited her citizens from taking and catching oysters, and it would not have been lawful so to do. When, having that property, she declares that all her people may take them under prescribed conditions, she grants them a right and the privilege of so doing. That such was the understanding of the general assembly is manifest from the title of the act which calls it a privilege, and from the caption of section 6, which determines what residents shall pay for the "privilege." From this privilege, common to all citizens of Virginia, all non-residents are excluded. No provision is made for their payment of the tax demanded of the citizens of Virginia, nor of a higher rate. They are denied the privilege entirely.

In the case of Paul v. Virginia, 8 Wall. [75 U. S.] 168, in commenting on this clause of the fourth article of the constitution of the United States, Mr. Justice Field says: "It was undoubtedly the object of the clause in question to place the citizens of each state upon the same footing with citizens of other states, so far as the advantages resulting from citizenship in those states are concerned. It relieves them from the disability of alienage in other states." If this were the object of the clause, as it undoubtedly was, the act of assembly of Virginia under

consideration has an entirely different and contrary object, for it fastens the disability of alienage upon non-residents, and places them on a different footing entirely from the citizens of Virginia.

The act is manifestly unconstitutional so far as it concerns non-residents; and it only remains to inquire whether or not the petitioner is entitled in this court to the writ of habeas corpus.

By the act approved February 5th, 1867, authority is given to the several courts and justices of the United States to grant writs of habeas corpus in all cases where any person is restrained of his liberty in violation of the constitution of the United States. Having found that the act of assembly of Virginia, by virtue of which the petitioner is detained in custody, is in violation of the clause of the fourth article, above quoted, it remains only for the court to give him the benefit of the writ and to order his discharge; which is accordingly done.

[NOTE. McCready was again indicted by the county court of Gloucester county at the November term, 1874. He was served with summons, but made no appearance. After several continuances, at the July term, 1875, the court directed that a plea of not guilty be entered, and that the case be tried. McCready was convicted, and a fine assessed against him. This judgment was affirmed by the circuit court of Gloucester county, and by the supreme court of appeals of Virginia. 27 Grat. 985. From this last court a writ of error was sued out to the supreme court, where the judgment was likewise affirmed. 94 U. S. 391.]