## Smith *versus* McGinty.

1. The Act of May 8th 1876 (P. L. 139), authorizing attachment of wages for boarding, does not deprive the debtor of the benefit of the $300 Exemption Act of April 9th 1849.

2. The provision in the Attachment Act, that the "wages attached shall not be paid to the defendant until the judgment had against him shall be satisfied," applies only where the benefit of the Exemption Act is not claimed in proper time, or where the wages attached exceed $300.

October 25th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, and GREEN, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county*: Of October Term 1882, No. 161.

This was, in the court below, a certiorari to the judgment of an alderman of the City of Alleghany, in an attachment in case, by J. Smith and Bridget Smith against Peter McGinty, of wages due to the defendant, in the hands of his employer, who was summoned as garnishee upon a claim by plaintiffs of $15 due them by defendant for board.

The Alderman's transcript was as follows :

Before Leonard Brucker, Esq., an alderman in and for the City of Allegheny : Attachment under Act of Assembly, approved March 16th 1872, entitled " an Act relating to boarding-house keepers in the county of Allegheny."

Plaintiff's demand, $15.

Before me, an alderman in and for said city, came J. Smith and Bridget Smith, the above named plaintiffs, who, being duly sworn, saith, the defendant above named is justly indebted to plaintiff in the sum of fifteen dollars, for three weeks' boarding, and verily believes that A. Kloman is indebted to said defendant for wages.

Sworn and subscribed before me, }     JOHN B. SMITH
16th November, A. D. 1881.      }     BRIDGET SMITH.
        LEONARD BRUCKER
           Alderman.

Summons to defendant and attachment of wages for boarding. November 16th 1881.

Plaintiffs claim $15, owing to plaintiffs by defendant for three weeks' board, alleging belief that A. Kloman is indebted to defendant for wages, thereupon summons and attachment issued to Wm. Ahlborn, or next constable, returnable November 22d 1881, between the hours of eight and nine o'clock, A. M. November 16th 1881, summons and attachment both returned served on oath on defendant, personally by producing

.[Smith v. McGinty.]

the original of each, and informing him of the contents, and
giving him copies. And attachment served on the garnishee,
personally, by producing the original, informing him of the
contents, and, same day, defendant files claim of the $300
exemption, and giving copy. November 22d 1881, at nine
o'clock, A. M., plaintiffs and defendant appear—garnishee not
appearing. Plaintiffs sworn : says defendant owes them $15
for three weeks' board, and that garnishee owes defendant over
that amount for wages. Defendant admits the facts as sworn
by plaintiffs, and claims, by his attorney, Jas. F. Gildea, the
benefit of the $300 exemption law of April 9th 1849, and de-
mands appraisement, &c. Claim not allowed, and after due
consideration judgment publicly for plaintiffs and against
defendant and garnishee for $15 and costs in default.

LEONARD BRUCKER,<br>
Alderman.

The defendant filed the following exception :

" The alderman erred in overruling defendants claim of ex-
emption, which was duly served upon said alderman several days
before the hearing, of which said alderman has made note in
his return, and refusing to release or dissolve the lien of attach-
ment after said notice."

The local Act of March 16th 1872 (P. L. 419), is as follows :

" An Act relating to boarding-house keepers in the county
of Allegheny.

" Sec. 1. Be it enacted, etc., that on and after the passage
of this Act, all proprietors of hotels, inns, boarding-houses,
lodging houses, etc., within the county of Allegheny, in addi-
tion to the remedies now provided by law, shall have the right
to attach wages due or owing to such persons as may be indebt-
ed to them for boarding, not exceeding the amount of four
weeks, and any sum so due may be attached, but shall not be
paid until the judgment is first had for such amount as may be
due upon such attachment ; and justices of the peace shall have
jurisdiction of attachment in case for such purpose.

" Sec. 2. All Acts or parts of Acts inconsistent herewith,
be and the same are hereby repealed."

The court, EWING, P. J., filed the following opinion :

The main question in this case is, as to whether or not the
defendant in this action could successfully interpose a claim for
the exemption Act of April 9th 1849, against an attachment of
his wages in a suit for his boarding bill. Counsel for the
defendant in error asks us to reverse our uniform rulings for
several years past on this point, and he has presented the case
in a light new to us, and has argued his case ingeniously and
ably. It is argued, that both under the Act of 16th March
1872, local to Allegheny county, and under the general Act of

[Smith *v.* McGinty.]

May 8th 1876, under which this suit was begun by attachment, the defendant is deprived of his ordinary exemption, 1st. Because the proceeding authorized is an attachment of the wages in the beginning, and 2d. From the wording of the Act, that the wages (so attached) "shall not be paid to the defendant until the judgment, so had for such amount as may be due on such attachment, shall be satisfied." Neither of these Acts, in terms, repeals the Act of 1849, pro tanto. Are they inconsistent with the provisions of that Act? The Act of 1849 provides for the exemption of property "from levy and sale on execution, issued upon any judgment obtained upon contract." The suit for boarding is necessarily on a contract, express or implied, and the form of the suit, or manner in which it is instituted, makes no difference. The judgment against garnishee is a judgment that the wages be taken in execution. In Waugh *v.* Burket, 3 Grant 319, it is held, that in a suit begun by attachment under the Act of 1842, the defendant is entitled to the exemption given by the Act of 1849.

The provision that the wages shall not be paid to the defendant until the judgment shall be satisfied, is good; but it applies only where the defendant does not claim the benefit of the exemption law in proper time, or where the wages attached exceed $300. In either case judgment would be obtained as a matter of course, and the wages cannot then be paid to defendant until the judgment against him be satisfied. It may be that the Act of Assembly was intended to repeal the exemption Act pro tanto, and that it is a great hardship on boarding-house keepers that worthless men are so enabled to cheat them out of their dues, but we cannot find evidence of the intent to repeal in the Act, nor can we legislate for the relief of those so defrauded. Judgment is reversed.

The plaintiff thereupon took this writ of error and filed the following specifications of error:

1. The court erred in holding that "the provision that wages (attached for board), shall not be paid to the defendant, until the judgment shall be satisfied, applies only where the defendant does not claim the benefits of the exemption law in proper time, or where the wages attached exceed $300."

2. The court erred in the conclusion expressed in its opinion thus: "We cannot find evidence of the intention to repeal (the exemption law) in this Act." (Viz.: Act of May 8th 1876.)

3. The court erred in reversing the judgment of the alderman, because of his rejection of defendant's claim of exemption.

*Thomas J. Keenan*, for the plaintiff in error.—The Act of 1872 was a local statute under which the Common Pleas No. 2

[Smith *v.* McGinty.]

of Allegheny county ruled that the defendant was entitled to claim his three hundred dollars exemption, and thus defeated the object of the Act. To meet the mischief and to give to the whole state the benefit designed by the prior local Act, the Act of May 8th 1876 (Pur. Dig. 2016) was passed as follows :

" An Act relating to boarding-house keepers, and authorizing the attachment of wages of persons indebted for boarding.

" Sec. 1. Be it enacted, etc., That on and after the passage of this Act all proprietors of hotels, inns, boarding-houses and lodging houses in this Commonwealth, in addition to the remedies now provided by law, shall have the right to attach wages due or owing to such persons as may be indebted to them for boarding not exceeding the amount of four weeks, and any sum so due may be attached but shall not be paid to the defendant until the judgment so had for such amount as may be due upon such attachment shall be satisfied, and justices of the peace shall have jurisdiction of attachment in case for such purpose.

" Sec. 2. All Acts or parts of Acts inconsistent herewith be and the same are hereby repealed."

Under this Act we contend the attached wages cannot be paid to the workman, or the lien of the attachment be released or dissolved, until the judgment had against him for his board bill be satisfied. Nothing but payment will satisfy ; and the words of the Act are therefore most peremptory to the effect that he shall not get his wages till the judgment for his board be paid. The language used in this Act of 1876, notably wherein it differs from the Act of 1872, excludes all pleas, contrivances, devices, in or out of law as it now stands, from being effectual to give the debtor his wages till his debt so established be paid. If simply handing to the magistrate the written or printed notice that defendant claims the benefit of the exemption Act will nullify the proceeding, the law stands idle on the statute book. In no case does any debtor of the character to make such plea have due him the amount of $300 of wages. The right to claim such exemption is inconsistent with the plain meaning and reasonable construction of the Acts.

*J. F. Gildea,* for the defendant in error.—The alderman's transcript shows that the proceeding was instituted under the Act of March 16th 1872, and not under the Act of 1876. The plaintiffs selected their remedy and are bound by it. The argument of counsel for plaintiff in error based upon the Act of 1876 is therefore inapplicable. But even under that Act we contend that the decision of the court below is correct. Had it been the intention of the legislature in either the Act of 1872 or that of 1876 to repeal the exemption Act it would have used language similar to that in the attachment Act of May 8th

[Barton *v.* Hunter.]

1874, (Purd. Dig. 1890) "to provide for collection of debts against non-resident debtors," viz., "And, provided, that any exemption law of this Commonwealth shall not be construed to extend to any debtor not a resident thereof." Here the exemption is disallowed in clear and unambiguous words: Waugh *v.* Burket, 3 Grant 319; Egypt street, 2 Grant 455.

The opinion of the court was delivered November 20th 1882.

PER CURIAM.—This judgment is affirmed upon the opinion of the learned president of the court below.

Judgment affirmed.

## Barton *versus* Hunter et al.

1. If a purchaser at a sheriff's sale has been guilty of some falsehood, trick or device before or at the time of the sale, by virtue of which he has obtained the property for less than it would otherwise have brought, he does not obtain a good title; and such a title may be defeated by a subsequent sale of the property on the judgment of another creditor.

2. The law presumes, however, that a public judicial sale is made in good faith, and this presumption stands unless overthrown by clear and satisfactory evidence of fraud or unfair means.

3. A., a debtor, and B., a judgment creditor, executed an agreement by which A. covenanted not to dispute any of B.'s claims of record against him, but to permit all of his real estate to be sold by the sheriff, as soon as possible, by due process of law, and not to interpose any hindrance thereto; and, further, to give up all receipts in his possession for moneys that had been paid on any liens against him, and which had not been receipted for on the docket. B, on the other hand, covenanted to purchase the property at the sheriff's sale, or cause it to bring a fair price if sold to some one else; and, further, that if she purchased the property herself, to re-sell it on time, and after all her claims were liquidated to place the remaining proceeds in the hands of some member of A.'s family. In pursuance of this agreement A.'s property was sold by the sheriff and B. became the purchaser. In an action of ejectment against B. by the purchaser of the said property at a subsequent sheriff's sale on a judgment of another creditor:

*Held*, that the agreement was not prima facie fraudulent; and, further, that under all the evidence the plaintiff could not recover.

October 25th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county:* Of October Term 1882, No. 160.

Ejectment, by E. L. Barton, against Annie E. S. Hunter,