## Ex parte DAVIS.[1]

### (Circuit Court, D. Kentucky. August 8, 1884.)

1. CONSTITUTIONAL LAW — DISCRIMINATION — EFFECT OF UNCONSTITUTIONAL AMENDMENT TO VALID ACT.

    The validity of a constitutional act is not affected by an amendment which is unconstitutional, because it discriminates between citizens of different states, and which does not in terms repeal the original act. The amendment is void, and does not by implication repeal the original act.

2. SAME—HABEAS CORPUS.

    An offender, convicted under the original act, will not be discharged on writ of habeas corpus.

3. SAME—CONSTRUCTION.

    Doubts are to be solved in favor of the constitutionality of legislative enactments.

On Writ of Habeas Corpus.

Quigley & Quigley, for petitioner.

Russell & Helm, for respondent.

BARR, J. It appears from the petition of the prisoner, and the return of the jailer in response to the habeas corpus, that Davis has been indicted for selling goods, wares, and merchandise as a peddler without a license, and that he has been convicted and fined $100, which he has failed to pay and is now imprisoned under the law. This court cannot discharge the prisoner unless the law under which he has been indicted and convicted is void because it violates the constitution of the United States. If, however, this law is clearly a violation of the federal constitution, it is the duty of this court to discharge him. Rev. St. § 753; Ex parte McCready, 1 Hughes, 598; In re Brosnahan, 18 FED. REP. 62. The constitution of the United States is the supreme law and must be obeyed. The question of whether congress or the legislature of a state has violated its provisions, is always one of delicacy, and one in which the courts will solve doubts in favor of the constitutionality of legislative enactment. The petitioner, Davis, was indicted and convicted under the provisions of the eighty-fourth chapter of the General Statutes. The first section of this chapter provides that "all itinerant persons vending goods, wares, merchandise, * * * or any other thing, * * * shall be deemed a peddler;" and subsequent sections required all peddlers to obtain a license to sell, and provided that if any person violate the provisions of the chapter he shall be fined $100, and in default of payment of the fine shall be imprisoned not less than 50 nor more than 100 days in the jail of the county where the offense was committed. The General Statutes were passed in April, 1873, and went into effect December 1, 1873. The legislature, at its next session,

[1] Reported by George Du Relle, Asst. U. S. Atty.

passed an act, February 21, 1874, entitled "An act to amend chapter 84 of General Statutes, title, 'Peddlers,'" which is as follows:

"(1) *Be it enacted by the general assembly of the commonwealth of Kentucky*, that chapter eighty-four of the General Statutes, title, 'Peddlers,' be and the same is hereby so amended that itinerant persons who are citizens of this state, and who vend exclusively goods, wares, and merchandise, which are the growth, product, or manufacture of this state, shall not be deemed peddlers, nor required to take out license under the provisions of said chapter."

This amendment made a discrimination between citizens of this state and citizens of other states, and between "goods, wares, and merchandise which are the growth, product, and manufacture" of this state, and those which are the product or manufacture of other states. This discrimination is clearly unconstitutional, (*Welton* v. *Missouri*, 91 U. S. 275; *Guy* v. *Baltimore*, 100 U. S. 434,) and, being unconstitutional, the amendment is null and void. But this should not release the petitioner, as he was prosecuted under the original act, unless the amendment has made the original act void. The original act made no discrimination, and the question is whether the passage of this amendment, which made a discrimination, destroys the whole act. The rule is to sustain as much of a legislative enactment as is constitutional, if it can be done with a proper regard to the legislative will. This amendment does not in terms repeal the original law, and if that law is repealed in part, it is because the amendment is inconsistent with so much of the original act. The amendment, being unconstitutional, is itself void, and hence did not repeal any part of the original act. The original act and the amendment of 1874 were passed by different legislatures, and it therefore cannot be said that the original act would not have been passed except for the amendment. The chapter (84) is a perfect law within itself, and we see no good reason why it should not stand as if the amendment had never been passed.

If we are correct in our view, then the amendment of 1874 has no legal effect, and all itinerants—residents and non-residents—selling goods, wares, and merchandise, wherever manufactured, are peddlers, and liable to be prosecuted if they sell without license. This view would not be permissible if the state courts have held this amendment to be a valid amendment, and as such engrafted upon the original act; but I do not understand that they have so decided. The manuscript opinion of the court of appeals, (*Com.* v. *Cecil*, decided March 1882,) decides no more than that this constitutional question did not arise in that case; and the same court, in *Daniel* v. *Richmond*, 78 Ky. 543, distinctly decides that a discrimination like the one made by this amendment is unconstitutional and void. This court cannot assume that the court of appeals will declare this amendment constitutional; and being of the opinion that the amendment is unconstitutional, should assume that the judicial department of the

state will regard it as a nullity, and consider the original law standing without amendment.

The petitioner should therefore be surrendered to the custody of the jailer of McCracken county; and it is so ordered.