## WILLIAM WEISMAN v. LEWIS WEISMAN.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 21, 1890—Decided March 3, 1890.

1. Wages of labor, exempted from attachment by § 5, act of April 15, 1845, P. L. 460, became attachable by boarding-house keepers under the act of May 8, 1876, P. L. 139; but under the latter act the judgment defendant was not deprived of his right to the $300 exemption, under the act of April 9, 1849, P. L. 533.
2. However, under the act of April 4, 1889, P. L. 23, wages of labor are attachable on a judgment obtained for board, and when the amount claimed is for board for four weeks or less, the judgment defendant is not entitled to the said exemption.
3. In such an attachment before a justice of the peace, it is not essential that his record should show the hour at which the judgment against the garnishee was entered; in the record of his proceedings strict accuracy in every little detail will not be required.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 254 January Term 1890, Sup. Ct.; court below, No. 226 November Term 1889, C. P.

On October 11, 1889, a writ of certiorari to M. M. Ketner, a justice of the peace, was issued, and the return made thereto showed that on June 8, 1889, judgment was entered by said justice in favor of William Weisman against Lewis Weisman for $26, and costs. The transcript did not show the consideration of the indebtedness. Execution was issued upon said judgment, and returned "no goods;" and on October 3, 1889, an attachment execution was issued and served upon the Philadelphia & Reading Coal & Iron Company, as garnishees of Lewis Weisman. The transcript, showing such service, proceeded:

"And now October 10, 1889, plaintiff appears and claims to have execution of his judgment on the effects of the defendant in the hands of garnishees. Defendant does not appear, but claims the exemption by written notice. Exemption disal-

lowed on account of the act of assembly passed and approved April 4, 1889. Garnishee answers by mail & sworn to before Chas. G. Reed, J. P., at Pottsville, admitting that they are indebted to the defendant in the sum of $19.46 due by the garnishees to the defendant and attached in their hands, and if the said garnishee refuse or neglect on demand by the constable to pay the same, then the same to be levied of his or their garnishees goods and chattels, as in case of a judgment against them for their own proper debt, and that the garnishees be thereupon discharged as against the defendant for the sum so attached and levied."

A postscript to the certified transcript gave the information that: " It is understood that the judgment given in the attachment execution is but for 4 weeks' board    $18.00
    Cost    9.49
    _____
    $27.49 "

To said return the defendant filed the following exceptions:

1. The justice erred in refusing to allow the defendant the benefit of the exemption law.[3]

2. The record of the judgment on the original suit is defective and insufficient, and will not warrant the refusal of the $300 exemption to the defendant.[4]

3. The record fails to show the hour of entering judgment on the attachment execution, as is required when judgment is entered by default.[5]

Said exceptions having been argued, the court, GREEN, J., filed the following opinion:

On June 8, 1889, plaintiff obtained a judgment before Justice Ketner for $26 "for board." On the 3d day of October, an attachment execution was issued on the judgment and the Phila. & Reading Coal & Iron Company was summoned as garnishee. Defendant claimed the benefit of the exemption before the justice, but the claim was disallowed. The garnishee filed answer admitting an indebtedness to the defendant in the sum of $19.46, and attached in their hands, and the justice then proceeds " and if the said garnishee refuse or neglect on demand by the constable to pay the same, then the same to be levied of his or their garnishees goods and chattels, as in

Opinion of Court below.

case of a judgment against them for their own proper debt, and that the garnishee, be thereupon discharged as against the defendant for the sum so attached and levied."

The main question that arises in this case is whether the defendant was entitled to the benefit of the exemption law. Under the general act of 1845, the wages of labor could not be attached, and under the act of May 8, 1876, P. L. 139, which allowed the wages of labor to be attached for board, it has been decided that the defendant was not deprived of the benefit of the exemption law. But the act of April 4, 1889, P. L. 23, enacts " that no exemption of property from levy and sale or attachment shall be allowed, on judgment obtained for board for four weeks or less."

The record does not show whether the original judgment was for four weeks or less board, or for more, neither does the record of the proceedings in the attachment execution show this fact. But the latter record does show that defendant claimed the exemption before the justice, and that the exemption was " disallowed" on account of the act of assembly passed and approved April 4, 1889. The question of the right to the exemption was passed upon by the justice, and the fact is, I think, sufficiently set forth in his record. If the defendant was dissatisfied, his proper course was to take an appeal. Having taken a certiorari he must be tried by the record.

The question whether judgments for more than four weeks board are to participate in the benefits of the act of 1889, to the extent of four weeks or less board, does not fairly arise here, because the record does not show that more than four weeks board was attached, and there is always a fair presumption in favor of the correctness of the record and proceedings before the justice. Any other construction would introduce a technical rule, which would go far to render the law a practical nullity and defeat the manifest intent of the legislature.

It is also excepted that the record does not show the hour of entering judgment on the attachment-execution. In Philadelphia it has been decided that the hour of entering judgment by default should be stated: Lindsay v. Sweeny, 6 Phila. 309. Judge Brewster regrets the decision, but feels constrained to make it, because the same thing has been decided in a number of unreported cases. The language of the law does not re-

Opinion of the Court.

quire that the record should state the hour.   In Kraus v. Albert, 27 P. L. J. 37, it was decided that the record need not state the hour.   This court, in case of Gage v. Gage, 85 March Term 1882, decided in the same way, and this is, I think, the more reasonable construction of the law.   This exception is overruled as is also the fourth exception.

And now January 13, 1880, judgment affirmed.

—Thereupon, the defendant took this appeal, specifying that the court erred :

1. In finding that the justice had jurisdiction.

2. In affirming the judgment of the justice.

3–5. In overruling defendant's exceptions.[3 to 5]

*Mr. George J. Wadlinger*, for the appellant.

On the right to the exemption, counsel cited : Section 5, act of April 15, 1845, P. L. 460 ; Act of May 8, 1876, P. L. 139 ; Smith v. McGinty, 101 Pa. 402 ; Act of April 4, 1889, P. L. 23.   On the sufficiency of the record : Graver v. Fehr, 89 Pa. 460 ; Peter v. Schlosser, 81 Pa. 439 ; Firmstone v. Mack, 49 Pa. 387 ; Davis v. Davis, 115 Pa. 261 ; Camp v. Wood, 10 W. 118.   As to the failure to enter the hour judgment in the attachment was rendered : Link v. Repple, 7 Pa. C. C. R. 140 ; Lindsay v. Sweeny, 6 Phila. 309 ; Foreman v. McClain, 6 Phila. 309 ; McCullough v. Barker, 6 Phila. 309 ; Smith v. Fetherston, 10 Phila. 306.

*Mr. C. N. Brunner*, for the appellee, filed no printed brief.

PER CURIAM :

Waiving the question whether an appeal lies in this case, we find no such error in the record as would justify us in reversing the judgment.   It is true that under the act of 1845 the wages of labor could not be attached.   The act of May 8, 1876, allowed wages to be attached for board, but under it the defendant was not deprived of his exemption.   Then came the act of April 4, 1889, P. L. 23, which enacts " that, from and after the passage of this act, no exemption of property . . . . . shall be allowed on judgment obtained for board for four weeks or less."   The attachment here was issued by the justice for four weeks' board.   A claim for exemption was made, and

disallowed by him, upon the ground that it could not be claimed under the act of 1889.

The appellant contends, however, that the attachment should have been an " attachment in case," and not an attachment-execution. What an " attachment in case" is, has not been made to appear. It is true the act of May 8, 1876, P. L. 139, does use this expression, where it authorizes an attachment of wages for board, but it manifestly means " an attachment in *such* case." Any other reading of it makes it insensible. There is evidently a clerical or typographical blunder in the act as printed.

We think the docket of the justice sets out the proceedings in the attachment with sufficient certainty. All the essential matters are found there. It is not as full and accurate as it would probably have been, had it been made up by an experienced lawyer, but we must not expect too much from a justice of the peace. Few of them have any legal training, and we must look at their records with a benign eye. To hold them to the strictest accuracy in every little detail would greatly impair the usefulness of this large class of magistrates. Judgment was regularly entered against the garnishees for an amount of money admittedly in their hands, and they do not complain of it. It would have been wiser for the appellant to have paid his four weeks' board than to waste his money in this frivolous litigation.

Judgment affirmed.