# Shade v. Hartman.

There is nothing in the Act of May 8, 1876, P. L. 139, from which it could be reasonably implied that the introduction of a new practice, whereby the attachment could issue at once and precede the entry of judgment, was intended. It rather appears to be merely a proceeding to collect a judgment for board by attaching wages, which formerly under the Act of April 15, 1845, P. L. 459, were especially exempted.

An attachment execution on a judgment previously rendered for a bill claimed to be due for board will be set aside where it appears that no previous execution with a return of "no goods" was issued.

SUMMONS—ATTACHMENT UNDER ACT OF MAY 8, 1876, P. L. 139—BOARD—WAGES—CERTIORARI.

No. 58, October Term, 1901; C. P. of Lancaster county.

Harvey B. Lutz, Esq., for Exceptions.

J. Roland Kinzer, Esq., for plaintiff.

LANDIS, J.

On Sept. 10, 1901, suit was brought before a Justice of the Peace by the plaintiff against Walter F. Hartman to recover a board bill claimed by her to be then due, and on Sept. 20, 1901, judgment was entered by the Justice in her favor, by default, for $12.00 against Walter F. Hartman, as defendant, and the Pennsylvania Railroad Company, as garnishee. The claim, as made, was for four weeks' board at $3 per week, and the affidavit filed at the inception of the suit makes no mention of a garnishee, and the summons is against Hartman alone. Thereupon, on October 9, 1901, this certiorari was issued, and numerous exceptions have been filed to the record.

The Act of May 8, 1876, P. L. 139, under which these proceedings purport to have been begun, provides that "All proprietors of hotels, inns, boarding houses and lodging houses in this Commonwealth, in addition to the remedies now provided by law shall have the right to attach wages due or owing to such persons as may be indebted to them for boarding, not exceeding the amount of four weeks, and any sum so due may be attached, but shall not be paid to the defendant until the judgment so had for such amount as may be due upon such attachment shall be satisfied, and Justices of the Peace shall have jurisdiction of attachment in case for such purpose." In Weis-

man v. Weisman, 133 Pa. 89, it was held that there was evidently a clerical error in the Act, and that, where the words "attachment in case" appear, the word "such" should precede the word "case," making the reading "attachment in such case."

While the summons was issued by the Justice to summon only Walter F. Hartman, the return on the back shows that it was not served, the return being "Deft. not found in county." No attachment is returned with the record, yet the transcript reads: "Summons in and in attachment, not exceeding $300," and also: "Summons returned Sept. 10, 1901. Not found in *Bailic.* Same day, attachment on William J. Strickler, trainmaster of P. R. R. Co. at Columbia, and leaving the same with him." A judgment was then entered against the defendant and the alleged garnishee by default, although the record itself showed no service of the summons. It is hardly necessary to state that such a proceeding cannot be sustained.

But, aside from this, arises the question as to whether, under the Act of 1876, an attachment can issue as original process. In Carden v. Scott, 1 Kulp, 196, Rice, P. J., held that this Act was not intended to provide new processes for the commencement of actions, but was intended only to repeal the Act of 1845, so far as the latter Act exempted wages from attachment in suits brought for the collection of debts due for board, and this conclusion has been followed in Steinhauer v. Hill, 2 Kulp, 333; Boyd v. Smith, 5 Kulp, 380; Serena v. Guilfry, 9 Kulp, 304; McGinley v. McDonough, 3 Lanc. Law. Rev., 202; Thatcher v. Beam, 3 District Reps. 351; McCarty v. Dougherty, 4 District Reps. 267; Dillon v. Treverton, 4 District Reps. 266; and Carlin v. Holland, 1 District Reps. 174. A contrary view has been taken in Smith v. Dingus, 3 District Reps. 710, and in Thomas v. Glasgow, 2 District Reps. 711. We do not, however, think the reasons suggested in these latter cases are sound. There would seem to be nothing in the Act from which it could be reasonably implied that the introduction of a new practice, whereby the attachment could issue at once and precede the entry of the judgment, was intended. It rather appears to be merely a proceeding to collect a judgment for board

by attaching wages, which formerly, under the Act of 1845, were especially exempted. See Act of April 15, 1845, P. L. 459.

Even, however, if a judgment has been regularly entered against the defendant, this proceeding is erroneous. In Liess & Schmidt v. Engard, 8 District Reps. 608, Weand, J., rightly holds that "an attachment execution on a judgment previously rendered for a bill claimed to be due for board will be set aside where it appears that no previous execution with a return of 'no goods' was issued." See, also, Davis v. Smythe, 4 Kulp, 192. In fact, this record is, from almost any point of view, unsustainable.

We are, therefore, obliged to sustain the exceptions relating to the jurisdiction of the Justice and set the whole proceedings aside.

Exceptions sustained and proceedings set aside.