# Hartzell v. McGrath.

If the Court upon review of the Justice's record be of the opinion that part of the proceedings is regular and good and part of them irregular and bad, it has discretion to quash the proceedings in part, and approve what is regular.

But where the items are not clearly stated so that the Court may be able to separate the good from the bad, the whole must be set aside.

Where there is no express or implied contract upon which to recover costs of repairs, the sole remedy is by an action of trespass for the injury, and the plaintiff's labor and expenditures would not be the cause of action, but evidence only upon the measure of damages.

Where the only right of action as stated is founded upon a contractual relation and nothing else, the whole case is necessarily within the jurisdiction of the Justice.

JURISDICTION—TRESPASS—DISTINCTION BETWEEN TRESPASS AND ASSUMPSIT—RECORD OF JUSTICE.

Certiorari.

No. 68, September Term, 1902, C. P. Northampton County.

P. C. Evans, Esq., for Plaintiff.

J. W. Fox, Esq., for Defendant.

Opinion by SCOTT, J., Nov. 3, 1902.

## OPINION:

The summons from the Magistrate called upon the defendant to answer a "plea of debt." An affidavit of claim was filed under the Act of 1879, which contained three items, two of which were for separate demands under contract; the third was as follows, viz: "for repairing driveway through plaintiff's land, which the said defendant, in the construction of a trolley road from Nazareth to Bangor, took possession of and injured, $20." The defendant did not reply, nor appear at the return-day. Judgment was not entered for this default, but testimony was taken for the plaintiffs. The record of the transcript shows a judgment for the three specific items, with interest, aggregating $165.15, including that above named, which is thus stated: "For constructing crossing across St. R'y., $20." The exception complains that the Justice wrongfully entertained jurisdiction of demands jointly founded upon contract and trespass. If this contention be supported, it would be easy, if admissible, to set aside

so much of the judgment as embraces this one item, as the amounts of each are specifically named. There is some authority that this may be done. "If the Court, upon review of the record, should be of the opinion that part of the proceedings are regular and good, and part of them irregular and bad, it has discretion to quash the proceedings in part, affirming what is regular, if they are independent parts of the proceeding." Karnes v. Rosena Furnace Co., 5 District Reps. 755, citing Harris on Certiorari, §82.

In Stahler v. Wingert, 2 Leg. Rec. 226, a judgment founded upon several demands, one of which was not within the jurisdiction of the Justice, was reversed upon Certiorari, where neither the sums claimed nor awarded for each item were stated. The reason assigned was, that as the Court could not ascertain from the record how much of the judgment was based upon the demand beyond his jurisdiction, the whole of it must be set aside "We cannot tell," said Judge Green, "that the claim for damages was not made the sole basis of the judgment, and that all the other claims were rejected." So, also, in Ream v. Rock, 15 Lanc. Law Rev. 327. But in Grosky v. Wright, 2 Kulp, 415, the items of demand and judgment were separately stated, and the judgment was reversed because there was no power, on review, "to divide the judgment and to affirm that part of it which is well founded." In Gingrich v. Schaeffer, 16 Pa. Superior Ct. 299, Judge Landis cited with approval this authority in the Court below, and in the Appellate Court Judge Rice, who had written the opinion in Grosky v. Wright, clearly indicates that while the matter did not then require decision, he still accepted the rule as he had before announced it. The legal reason for it is set forth by Judge Woodward in Roeder v. Sohl, 1 Woodward Dec., 211.

But if this be treated as settled in favor of the exceptant, as it seems must be done, because a judgment is an entirety; and if the affidavit of claim also be considered as part of the technical record, which is doubtful (Cook v. Minick, 1 Pa. C. C. Reps. 603), does either that or the transcript itself disclose that the part of the demand above pointed out was not cognizable by

Hartzell v. McGrath.

the Justice? Every reasonable presumption must be extended to the record to sustain the judgment. "We must not expect too much from a Justice of the Peace. Few of them have any legal training, and we must look at their records with a benign eye. To hold them to the strictest accuracy in every little detail would greatly impair the usefulness of this large class of Magis-trates." Weisman v. Weisman, 133 Pa. 89.

Certainly the statement in the transcript itself that the claim was for "constructing crossing across St. R'y. $20,". imports no more than that it was for work and labor done under an express or implied contract. The affidavit of claim is somewhat more spe-cific, but does not essentially change its character. It does not, as will be perceived, demand damages for trespassing on plaintiff's driveway, and committing an injury thereto in the construction of a trolley road, but asserts a demand of $20 for "repairing it," the legal right to which could be established only by proof that the plaintiff was requested to do this work. For if there was no ex-press or implied contract upon which he could recover the cost of repairing, the sole remedy would be an action of trespass for the injury, and the plaintiff's labor and expenditures would not then be the cause of action, but evidence only upon the measure of damages. As the only right of action for the claim as stated must be founded upon a contractual relation, and nothing else, the whole case was necessarily within the jurisdiction of the Justice.

Now, Nov. 3, 1902, judgment affirmed, with costs.

Reported from the Records.