# Schmidt, Appellant, *v.* Schmidt and Erie Railroad Co.

*Attachment execution—Salaries—Wages — Hotel and boarding house keepers—Act of May 8, 1876, P. L. 139—Constitutionality.*

The Act of May 8, 1876, P. L. 139, authorizing hotel and boarding house keepers to attach wages due such employees as may be indebted to them is constitutional. It does not provide for the issuing of an attachment as original process but only by way of enforcing execution upon a judgment previously obtained.

To obtain the advantages of its provisions, the plaintiff must bring himself within the class thus protected and the record of the justice must show that the judgment was obtained by a proprietor of a hotel, inn or boarding house, and the claim must only

126 SCHMIDT, Appel., *v.* SCHMIDT & ERIE R. R. CO.

be for the laborer's own board.   If the record is wanting in these particulars and fails to show that the plaintiff is a boarding house keeper, and affirmatively discloses that the claim included the board of others than the laborer, a judgment against the garnishee will be reversed.

Argued March 3, 1924.   Appeal, No. 16, Feb. T., 1924, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1923, No. 899, in favor of defendant in the case of Louise Schmidt v. Fred Schmidt and Erie Railroad Company.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Appeal from judgment of the justice of the peace on attachment execution under the Act of May 8, 1876, P. L. 139.   Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the judgment against the defendant and reversed the proceedings in the attachment execution against the garnishee.   Plaintiff appealed.

*Error assigned* was the judgment of the court.

*George W. Ellis,* and with him *Charles L. Robertson,* for appellant.—The Act of May 8, 1876, P. L. 139, is constitutional: Weisman v. Weisman, 133 Pa. 89; Smith v. McGinty, 101 Pa. 402; Hartman v. Mitzel, 8 Pa. Superior Ct. 22; Seabolt v. Northumberland County Commissioners, 187 Pa. 318; Com. v. Mintz, 19 Pa. Superior Ct. 283; Com. v. Robert Muir, 1 Pa. Superior Ct. 578.

*Edward W. Warren,* and with him *Knapp, O'Malley, Hill & Harris,* for appellee.—The Act of May 8, 1876, P. L. 139, as amended, is a special law and, therefore, unconstitutional:    Jenkins v. Davis, 18 Dist. R. 928; Michaels v. Cunningham, 20 Dist. R. 170; Railway Co. v. McMillan, 20 Dist. R. 327; Benner v. Smith, 21 Dist.

R. 473; Pennsylvania Co. v. Carr, 43 Co. Ct. R. 282; Linahan v. Lawson, 43 Co. Ct. R. 533.

OPINION BY KELLER, J., April 21, 1924:

The plaintiff recovered judgment for $85 against the defendant, before a justice of the peace, for four weeks board and lodging, and issued attachment execution thereon summoning the Erie Railroad Co. as garnishee. Judgment was entered against the garnishee for wages due the defendant amounting to $41.36, under the provisions of the Act of May 8, 1876, P. L. 139. On certiorari to the common pleas the judgment against the garnishee was reversed. We sustain this action, but not for the reason advanced by the learned court below.

The Act of 1876, in our opinion, is not unconstitutional. We are in accord with the decisions of Judge RICE, rendered when president judge of Luzerne County, (Carden v. Scott, 1 Kulp 196; Steinhauer v. Hill, 2 Kulp 333), that the Act of 1876 does not provide for the issuing of an attachment as original process, but only by way of enforcing execution upon a judgment already obtained. Its effect is only to repeal pro tanto the proviso in section 5 of the Act of April 15, 1845, P. L. 460, which exempts the wages of laborers and the salary of persons in public or private employment from attachment in the hands of the employer, by providing that proprietors of hotels, inns and boarding houses may attach wages due such employees as may be indebted to them for boarding not exceeding the amount of four weeks. The objectionable clauses authorizing attachment by way of original process, and before judgment, which appear in the amendments of April 10, 1905, P. L. 134, and May 1, 1913, P. L. 132, and render them unconstitutional, as special legislation "providing or changing methods for the collection of debts,"—(Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Vulcanite Paving Co. v. Phila. R. T. Co., 220 Pa. 603; and Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486),—do not appear

in the original Act of 1876, which is not affected by their invalidity: Ex parte Davis, 21 Fed. 396; Endlich on Interpretation of Statutes, section 195; 1 Lewis' Sutherland Statutory Construction, section 245.

The proviso in the Act of 1845, exempting wages and salaries from attachment was itself special legislation in favor of a class. It is not invalid, because enacted prior to the Constitution of 1873; but an act which tends to generalize such special legislation, by repealing its provisions in behalf of persons recognized as a proper subject of classification, will not be held to contravene the constitutional provision against special legislation. Classification is not forbidden by the Constitution if based on real distinctions in the subjects classified, and not on artificial and irrelevant ones used for the purpose of evading the constitutional prohibition: Seabolt v. Commissioners, 187 Pa. 318, 323. Hotelkeepers and innkeepers have from time immemorial been recognized as a distinct class, owing special duties to their patrons and possessing special corresponding rights. They are exempted from the strict provisions of the Sunday Act (April 22, 1794, 3 Sm. L. 177) and have been the subject of distinctive legislation for many years. See Acts of April 7, 1807, 4 Sm. L. 403; March 11, 1834, P. L. 117; May 7, 1855, P. L. 479; March 31, 1860, section 112, P. L. 382, 410; April 20, 1876, P. L. 45; May 19, 1887, P. L. 130; June 12, 1913, P. L. 481. It is not, in our opinion, an artificial or irrelevant distinction, but on the contrary an entirely proper and reasonable one. To protect hotel keepers, innkeepers and boarding house keepers, as a class, from loss on account of board furnished laborers, who were thereby enabled to earn the wages attached, and to take away the immunity from attachment of wages which dishonest employees enjoyed at the expense of those furnishing their very means of subsistence while earning such wages, is in our opinion within the legislative discretion and not prohibited by the constitutional provision respecting special legisla-

ation.   The fact that the statute has been upheld by the appellate courts, though without objection as to its constitutionality, (Smith v. McGinty, 101 Pa. 402; Weisman v. Weisman, 133 Pa. 89; Hartman v. Mitzel, 8 Pa. Superior Ct. 22), is also entitled to consideration.

But to obtain the advantage of its provisions, the plaintiff must bring herself within the class thus protected and the record of the justice must show that the judgment was obtained by a proprietor of a hotel, inn or boarding house; and the claim must only be for the laborer's own board: Carey v. Lameroux, 22 Pa. Superior Ct. 560.   The record in this case is wanting in these important particulars.   It fails to show that the plaintiff is a boarding house keeper, and affirmatively discloses that the claim included the board of others than the laborer.   For these reasons the judgment must be affirmed.   Authority for this appeal from the judgment of the court of common pleas on certiorari to a justice of the peace is furnished in Strouse v. Lawrence, Admx., 160 Pa. 421, 426.

Judgment affirmed.