# Mehaffy's Appeal.

The Act of 3d April 1843 was intended to remedy the evil of the *omission* or *failure* of the prothonotary to enter judgments upon the lien or judgment docket, and not to cure any defective or erroneous entry: hence, in the appropriation of the proceeds of the sale of real estate by the sheriff, the liens must be paid, as to amount, as they appear upon the lien docket, although it be erroneous, and the real amount is exhibited by the appearance docket.

APPEAL from the decree of the Common Pleas of *Lancaster* county.

On the 27th November 1830, John Mehaffy obtained a judgment against John Harman for $700, with interest from the 1st April 1831. On the 7th December 1835, this judgment was revived by the agreement of the parties for $700, with interest from the 27th November 1832. On the 5th December 1840, the judgment was again revived by the agreement of the parties, and in the appearance docket the entries of these revivals were regularly made; but in the lien or judgment docket the entry was thus:—

| Defendant, | Plaintiff, | When entered, | Real debt, | Sept. term 1840, |
|---|---|---|---|---|
| Harman, John. | John Mehaffy. | Dec. 5th 1840. | $700.00. | No. 204, *sc. facias.* |

Upon the sale of the real estate of John Harman, the money was brought into court for appropriation, and the judgment of John Mehaffy being the first lien, the question arose whether the plaintiff was entitled to the amount as exhibited by the original judg-

[Mchaffy's Appeal.]

ment and its revivals,. or the amount exhibited by the lien docket, the difference being in the amount of interest upon the one and the other.

The court below (LEWIS, President) made the appropriation to the plaintiff for the amount of his judgment, with interest from the 5th December 1840, as it appeared on the lien docket.

*Fordney*, for the appellant, argued that it was the design of the Act of 3d April 1843 to relieve a party from the mistake of the officer; and the manifest injustice in depriving the plaintiff of his money without any fault either of commission or omission, should induce the court thus to construe the Act.

*Franklin*, contra, argued that the Legislature made the lien docket the evidence and notice of the amount of a judgment, and an equal amount of injustice might be done to others if the omission to enter the judgment for the right amount should be visited upon them.

PER CURIAM. It is unnecessary to go into a particular examination of the question here, as the court below put it on the right ground. The words of the statute do not extend to the case before us; and if they did, we would not hold it to be within the intention. But in adopting the conclusions of the Judge we do not adopt all his positions. The Legislature cannot arbitrarily take an estate from one man and give it to another. On the contrary, the exercise of such a power is expressly forbidden by the 9th section of the Declaration of Rights, which provides that the citizen shall not "be deprived of his life, liberty or *property*, unless by the judgment of his peers or the laws of the land." In the main, however, his argument is right.

Decree affirmed.