## Wilkinson's Appeal.

1. An erroneous judgment or execution is not void; it can be set aside only by direct action by parties having an interest in it and not by collateral attack in any other proceeding.

2. No one but the defendant in an irregular execution can take advantage of its irregularity.

3. If he does not object he stands as consenting, and as to him the maxim *consensus tollit errorem* controls.

4. An award of arbitrators as soon as filed has the form and substance of a judgment, and continues so till reversed on appeal.

5. An award of arbitrators was filed and execution immediately issued on it; the defendant not objecting. *Held*, that the proceeds of sale were properly awarded to the execution, notwithstanding the objections of subsequent execution creditors.

March 28th 1870.  Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Clinton county*, in the distribution of the proceeds of the sheriff's sale of the property of David Shank: No. 441, to January Term 1869.

The property of Shank was levied on by virtue of six writs of fieri facias, returnable to the September Term (14th) 1868.  One of these writs was at the suit of William A. Simpson, issued August 22d 1868, on a judgment for $1079.78, obtained that day on an award of arbitrators.

The amount made under the executions and paid into court was $913.83.  On the 21st of September 1868, Charles Wilkinson issued an execution against Shank for $393.69.  On the 14th of October, T. C. Hipple, Esq., was appointed auditor to distribute the fund in court.  He reported that there was no dispute as to five of the executions under which the money was made.

As to Simpson's, he reported that his execution " being founded

upon a mere award of arbitrators, the time allowed for appeal not having yet elapsed, was premature and void, and therefore the claim should not be allowed." He therefore distributed the fund first to the five executions; after deducting the amounts awarded to them and costs of audit, he found a balance of $406.97, which he awarded to the debt and costs on Wilkinson's execution.

Simpson excepted to the report so far as it excluded his execution. The court reversed the report as to the $406.97, and decreed that sum to Simpson.

Wilkinson appealed to the Supreme Court, and assigned the decree for error.

*C. G. Furst* and *C. S. McCormick*, for appellant.—An award is not a judgment till after twenty days: Hallman's Appeal, 6 Harris 312. The provision for appeal operates as a stay of execution: Woods *v.* Connor, 6 Barr 431; Wray *v.* Tammany, 1 Harris 395. The law will not assist in doing that which would be a wrong: Pearsoll *v.* Chapin, 8 Wright 15.

*S. R. Peale*, for appellee.—An execution issued before the stay is out, is at most irregular, and cannot be set aside in a collateral proceeding: Stewart *v.* Stocker, 13 S. & R. 203; 1 Tr. & Haly's Pr. 831; Lowber's Appeal, 8 W. & S. 387; Shirley *v.* Wright, 1 Salk. 273; Patrick *v.* Johnson, Lev. 404; Lewis *v.* Smith, 2 S. & R. 142; Mason's Estate, 4 Watts 341; Dyott's Appeal, 2 W. & S. 557; Haner's Appeal, 5 Id. 474.

The opinion of the court was delivered, May 5th 1870, by

THOMPSON, C. J.—Since the decision of Stewart *v.* Stocker, 13 S. & R. 199, the question in this case has not been regarded as an open one. There have been numerous decisions since, in entire harmony and in subordination to the law of that case, among them is Lowber & Wilmer's Appeal, 8 W. & S. 387. It is therefore settled, if anything can be, that an erroneous judgment or an irregular execution—not void, can be set aside only by direct and appropriate action by parties having an interest in the same and not by a collateral attack under cover of any other proceeding. As to an irregular execution, nobody but the defendant can object to it or take advantage of the irregularity. If he do not object, to all the world he stands as consenting, and as to him the maxim *consensus tollit errorem* controls.

But it is supposed that the execution here was void because issued on an award of arbitrators before the twenty days allowed for an appeal had transpired. What is this more than issuing execution before the stay is out? That was the case in Stewart *v.* Stocker, *supra.*

The Act of 1836 gives to an award of arbitrators the " effect of

[Wilkinson's Appeal.]

a judgment as respects the party against whom it is made, from the time of the entry thereof, and declares it shall be a lien upon his real estate until reversed upon an appeal or satisfied according to law." Why by consent or assent of defendant might it not be a judgment for the purpose of execution? It cannot be said to be wanting either the substance or form of a judgment. The law expressly gives both these qualities to it. It so remains until reversed on appeal. Unappealed from, the plaintiff below and appellee here issued execution on his award. The defendant did not object and never appealed. There is no change in the form of the judgment before and after the expiration of the time for an appeal. The execution as to the defendant was irregular, having been issued too soon. He did not complain of that, but by his silence assented to it, and the cases cited, and others which might be cited, regard it as regular in relation to all other persons. The case was well decided by the learned judge below, and the decree of distribution is affirmed and the appeal dismissed at the cost of the appellant.