# Appeal of the Fogelsville Loan and Building Association.

1. The Acts of Assembly providing for the revival of judgments do not require that when a judgment is revived the amount of principal and interest then due should be liquidated; and a default to do so, therefore, does not deprive such revived judgment of its lien.

2. The judgment of revival points the subsequent purchaser or encumbrancer directly to the original judgment, and a simple calculation ascertains the interest due upon it.

· March 4th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, WOODWARD, TRUNKEY and STERRETT, JJ. PAXSON, J., absent.

Appeal from the Court of Common Pleas of *Lehigh county:* Of January Term 1879, No. 117.

Appeal of the Fogelsville Loan and Building Association from the decree of the court confirming the award of the auditor in the distribution of the assigned estate of Granville Gernert and wife.

On October 13th 1876, Gernert and wife made an assignment for the benefit of creditors. The personal property being insufficient to pay the debts, the assignee petitioned the Court of Common Pleas for an order to sell the real estate, discharged of liens, under the provisions of the Act of February 17th 1876, which order was made November 17th 1876. Sales were made in pursuance thereof, and the fund arising therefrom was referred to an auditor for distribution. The fund was claimed by C. A. Gernert on a revived judgment, and by the appellant upon two mortgages. It was contended, on behalf of the appellant, that the judgment of revival was not regular, inasmuch as it did not appear that there was any assessment of damages entered in the agreement to revive or upon the judgment index. The docket entries were as follows:

### No. 19 CONTINUANCE DOCKET ENTRY,

April Term 1870.

| U. S. I. Rev. Stamp. | CHARLES A. GERNERT 243 v. GRANVILLE GERNERT, |
|---|---|

And now April 11th 1870, a note is produced dated April 1st 1870, executed under hand and and seal of defendant to plaintiff for the payment of fifteen hundred dollars, one day after date with interest from date, release of errors, and containing a clause authorizing the entry of judgment,

Wherefore judgment,

JAS. LACKEY, Deputy Proth'y.

April 8th 1875, revived to January Term 1875, No. 695.

[Appeal of Fogelsville L. & B. Assoc.]

No. 23 CONTINUANCE DOCKET ENTRY,

January Term 1875.

CHARLES A. GERNERT ⎱    Amicable action to revive and con-
695              *v.*      ⎰ tinue the lien for the term of five years
GRANVILLE GERNERT, ⎱ of judgment No. 243, April T. 1870.

Now April 8th 1875, it is agreed that the above judgment be revived for another term of five years, as per writing filed.

Fi. fa. to January T. 1877, No. 17.   For return see No. 16, January T. 1877.   Vend. ex. to April T. 1877, No. 162.   Refer to No. 159½, April T. 177.

JUDGMENT INDEX ENTRIES.

| Gernert, Granville | Charles A. Gernert, | April T. 1870, 243 | Note | April 11, 1870. |
| --- | --- | --- | --- | --- |
| $1500.00 | April 1, 1870 | April 8, 1875 revived to January T., 1875, No. 695. | | |

| Gernert, Granville | Charles A. Gernert, | January T., 1875, 695, |
| --- | --- | --- |
| Rev. of April T. 1870, No. 243—April 8, 1875 | | |

*In Court of Common Pleas of Lehigh county.*

CHARLES A. GARNET ⎱    Amicable action to revive and continue
             *v.*     ⎰ the lien for the term of five years of
GRANVILLE GERNERT, ⎰ judgment No. 243, April T. 1870.

It is hereby agreed that the prothonotary of Lehigh county, enter an amicable action upon the records of the Courts of Common Pleas of the county aforesaid, as of No. 695 of January Term of 1875, and that a judgment be forthwith entered herein in favor of the plaintiff above named and against the defendant above named. And that the judgment aforesaid, No. 243 of April T. 1870, be revived according to the Act of Assembly, with costs.

GRANVILLE GERNERT, [L. S.]

One of the mortgages of the building association was recorded July 28th 1874, and the other September 30th 1875.   There were no liens between the judgment of Gernert and the mortgages of the association.   The fund being insufficient to satisfy both claimants, the auditor awarded it to the judgment.   The association excepted, but the court (Meyers, P. J., of the Third Judicial District), dismissed the exception and confirmed the report in an opinion, inter alia, saying: " The object and purpose of the judgment-dockets are simply notice.   It would seem that an entry of revival by am. sci. fa. on the judgment-docket is notice to subsequent purchasers and encumbrancers, whether the amount is liquidated and noted on the docket or not.   The only inference that legitimately can be drawn from such an entry of revival without the amount stated (so far as third parties are concerned), based on

[Appeal of Fogelsville L. & B. Assoc.]

a written agreement of the defendant, that the judgment, referring to the number and term thereof, shall be revived and continued for another period of five years, is that it is a revival for the entire amount with interest.    Between the judgment-creditor and debtor himself, no such inference is necessary as the latter would be at liberty to show at any time that the amount of the debt had been reduced.    But as against third persons who *may* become purchasers or encumbrancers such inference seems to be plain and reasonable."

From the decree of the court the association took this appeal.

*W. D. Luckenbach* and *Edward Harvey*, for appellant.—In the agreement of April 8th 1875, and its entry upon the continuance and judgment index-dockets there is no mention of any sum whatever, no liquidation of any amount then due, nor intimation of what was the amount of the original judgment of April 11th 1870, nor any sum upon which an estimate can be made or an intimation received of what was, is, or is intended to become due.    In other words there is no judgment at all.    Only the reference to judgment No. 243, April Term 1870, five years before, and nothing more.

This is not a compliance with the Acts of March 26th 1827, Purd. Dig. 820, sect. 5; and of March 29th 1827, Id. 822, sect. 18.    A subsequent encumbrancer is not bound to inquire or look elsewhere than to the judgment-docket, and is not to be affected by constructive notice unless the entry in the judgment-docket conforms to the requirements of the law: The York Bank's Appeal, 12 Casey 461; Ridgway, Budd & Co.'s Appeal, 3 Harris 181; Fulton's Estate, 1 P. F. Smith 214.

*Evan Holben*, for appellee.—Any purchaser, or lien-creditor, by looking at the judgment-index, can see at a glance all that is required, and no more notice or information of the existence of a judgment is requisite than is given by the entry of revival in this case.    The number and term of the original judgment, the full name of plaintiff and defendant, and the number and term of revival are fully given; any person desiring to ascertain the amount of the original judgment, can do so in a moment.

The judgment of the Supreme Court was entered, March 24th 1879,

PER CURIAM.—There is nothing in any of the Acts of Assembly upon the subject of the revival of judgments which requires that when a judgment is revived, the amount of principal and interest then due should be liquidated.    A general judgment upon the scire facias to revive that the judgment be revived for another period of five years is all that is prescribed.    Such has been the uniform practice.    No doubt it may often be advisable where no interest has been paid on the debt to ascertain the amount.    But the judgment

of revival points the subsequent purchaser or encumbrancer directly to the original judgment where the amount is fixed, and a simple calculation ascertains the interest due upon it.

> Decree affirmed, and appeal dismissed at the costs of the appellants.