138    330
20 SC  196|

## ASSIGNED ESTATE OF FRANK HANIKA.

APPEAL BY MALONEY BROTHERS FROM THE COURT OF COMMON
PLEAS NO. 2 of ALLEGHENY COUNTY.

Argued October 30, 1890—Decided November 10, 1890.

An irregularity in an execution issued can be taken advantage of only by
the defendant: Wilkinson's App., 65 Pa. 189; hence, in the distribu-
tion of personal assets of an assigned estate, passing to the assignee un-
der levies on executions issued, the prior right of the first execution
creditor cannot be defeated by the other creditors, on the ground that
the execution was prematurely issued.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

No. 118 October Term 1890, Sup. Ct.; court below, No. 449
January Term 1889, C. P. No. 2.

On December 22, 1888, the account of George H. Lepper,
assignee for the benefit of creditors of Frank Hanika, was con-
firmed nisi. No exceptions being filed, the confirmation was
made absolute, and *Mr. R. E. Stewart* appointed auditor to re-
port a distribution of the fund.

On March 18, 1890, the auditor filed a report finding that
the fund for distribution, to wit, $448.20, was the balance of
money derived from the sale of a stock of boots and shoes in
the store of the assignor, which, at the time of the delivery of
the deed of assignment, to wit, December 16, 1887, at 5 o'clock
P. M., was in the hands of the sheriff of Allegheny county, hav-
ing been levied upon by virtue of several executions against
the assignor; that, pursuant to an agreement in writing made
by the execution creditors, the sheriff delivered the stock of
goods to the assignee, to be by him sold and the proceeds ap-
plied to the satisfaction of the several executions, according
to the order of priority of lien thereof; that, in the order of
priority, the first of the judgments was in favor of Josephine
Hanika, the wife of the assignor, for $540, entered December
10, 1887, upon a judgment note of that date and for that
amount, payable six months after date, on which an execution

had issued which came into the sheriff's hands at 10.30 A. M. on December 15, 1887; that the second judgment was in favor of Maloney brothers for $367.50, entered December 15, 1887, on a judgment note of that date and for that amount, payable on demand, on which an execution was issued which came into the sheriff's hands at 1.10 P. M., December 15, 1887; that objection was made to the payment of the judgment of Josephine Hanika for the reason that the execution thereon was issued before the maturity of the note upon which the judgment was entered, but the auditor, citing Stewart v. Stocker, 13 S. & R. 199; Lowber's App., 8 W. & S. 387, and Wilkinson's App., 65 Pa. 189, ruled that, though the suing out of the execution was an irregularity for which the court on application of the defendant would have set the execution aside, yet it was well settled that none but the plaintiff himself, or his legal representatives, had standing to complain of such irregularity. The auditor found further, that there was no sufficient evidence to sustain a finding against the bona fides of the judgment, or that the same was given to hinder, delay and defraud the creditors of the defendant therein; moreover, that proceedings to open the judgment and for an issue, etc., had been had before the court, and the matters then raised as to the validity of the judgment had been heard and decided adversely to the contesting creditors. Wherefore, the auditor awarded the fund, after deducting costs, on account of the debt, etc., due on the judgment and execution in favor of Josephine Hanika.

To the report of the auditor, Maloney Brothers filed several exceptions alleging, in substance, that the auditor erred in finding that the judgment of Josephine Hanika was a valid judgment, and that the execution issued thereon became a valid lien payable out of the fund for distribution. The exceptions having been overruled by the auditor, were renewed before the court on the filing of the report, and, after argument thereof, the court, WHITE, J., on May 15, 1890, dismissed the exceptions and confirmed the report. Thereupon, the exceptants took this appeal, specifying the dismissal of their exceptions and the confirmation of the report, for error.

*Mr. Frank Whitesell* (with him *Mr. William W. Whitesell*), for the appellants.

Syllabus.

Counsel cited : Overton v. Tyler, 3 Pa. 346 ; Lewis v. Smith, 2 S. & R. 155 ; § 1, act of June 16, 1836, P. L. 761 ; Lowber's App., 8 W. & S. 387 ; Roemer v. Denig, 18 Pa. 482 ; Taylor v. Jacoby, 2 Pa. 495 ; Hauer's App., 5 W. & S. 473 ; Shafner v. Gilmore, 3 W. & S. 438 ; Watmough v. Francis, 7 Pa. 206 ; Dorrance v. Commonwealth, 13 Pa. 160.

There was no appearance for the appellee.

PER CURIAM :

There was no evidence before the auditor which would have justified him in postponing appellee's judgment, in the distribution. It is true, the execution thereon was prematurely issued, but this was an irregularity of which only the defendant in the execution could take advantage : Wilkinson's App., 65 Pa. 189. A judgment can be attacked by creditors collaterally only upon the ground of fraud and collusion to hinder and delay them. The charge of such fraud and collusion was made, but the auditor and court below have not sustained it, in which they were clearly right.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.

