## J. P. P. KISTLER, EXR., v. D. & J. MOSSER.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF LEHIGH COUNTY.

Argued February 3, 1891—Decided March 2, 1891.
[To be reported.]

1. In the revival of a judgment by scire facias it is not required, in order to continue the lien, that the amount of principal and interest then due be liquidated; a general judgment of revival points subsequent purchasers or encumbrancers to the original, where the amount is fixed, and the liquidation is mere matter of calculation.

2. But, when liquidation of the amount due is made, and the judgment is entered upon the lien docket accordingly, subsequent purchasers and lien creditors need look no further; they have a right to assume that such entry is properly made, and it is the judgment creditor's duty to see that the extent of his claim is rightly indicated thereby.

3. When a judgment for $500, upon which there was interest due, was amicably revived for "$500, with interest," and the revival was so entered, the fair and reasonable intendment is that the judgment was to bear interest from the date of revival, and interest prior thereto cannot be allowed on distribution, to the prejudice of a subsequent encumbrancer.

4. In such a case, a junior encumbrancer, whose lien was originally entered before the revival, as well as one whose lien was entered subsequently, will have a right to stand upon the record, to defeat the allowance of undisclosed arrears of interest unknown to him, and be entitled to rely upon the record in determining how to bid at the sale in order to protect himself.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

No. 52 July Term 1890, Sup. Ct.; court below, No. 79
April Term 1890, C. P.

On February 25, 1890, an amicable action between J. P. P. Kistler, executor of Rebecca Kistler, deceased, plaintiff, and D. & J. Mosser, defendants, was entered in the court below, a case being stated for the opinion of the court, setting forth as follows:

"Jonas Gildner and wife made an assignment for the benefit of creditors to E. K. Gildner, by deed dated February —,

1889. On April 29, 1889, said assignee made application to the Common Pleas of Lehigh county for an order of sale to sell assignor's real estate, and in pursuance of said order sold the real estate of assignor on September 27, 1889, for the sum of $1,946.23. Said assignee filed his account in the Common Pleas of Lehigh county, charging himself with the proceeds of the sale of said real estate, which account was duly confirmed by said court on January 23, 1890.

"Amongst other judgments entered against Jonas Gildner which became and were liens on said real estate, the following were entered in said court, between whom the legal controversy arises under the admitted facts:

"Benjamin Kistler recovered a judgment against Jonas Gildner, dated May 15, 1873, which was entered in the Common Pleas of Lehigh county, as of 338 April Term 1873, on May 25, 1873, for $500. This judgment was revived on May 11, 1878, as of 548 April Term 1878, for $500; on May 7, 1883, as of 219 April Term 1883, for $500; and again on March 27, 1888, was revived as of 228 January Term 1888, for $500.

"D. & J. Mosser recovered a judgment against Jonas Gildner, dated July 26, 1873, which was entered in the Common Pleas of Lehigh county, as of 243 June Term 1873, on August 12, 1873, for $1,198.55. This judgment was revived on July 22, 1878, as of 371 June Term 1878, for $1,198.55; and on July 21, 1883, as of No. 204 June Term 1883, for $1,198.55; and again was revived on July 6, 1888, as of 104 June Term 1888, for $1,701.25.

"The fund realized by the sale of assignor's real estate was insufficient to pay the last named judgment in full.

"The total amount of interest due on the judgment of Benjamin Kistler, afterwards assigned to Rebecca Kistler, on the date of the confirmation of the assignee's sale of the real estate, was $203.50. The amount of interest due on the Kistler judgment, at the time of the last revival, being March 27, 1888, was $156. This sum was not included in the amount for which the judgment was revived on March 27, 1888. It was revived only for the principal of the judgment, to wit, $500.

"D. and J. Mosser claim that, as against their judgment, out of the proceeds of the sale of assignor's real estate there could only be distributed to and on the Kistler judgment the

Case Stated.

sum of $500, the principal of the judgment, and interest thereon from March 27, 1888, to October 27, 1889, the date of the confirmation of sale. If the contention of D. & J. Mosser is correct, then there would remain unpaid, interest on the Kistler judgment, out of the proceeds of the sale of real estate, to wit, $47.50.

"On February 14, 1890, distribution was made of the proceeds of sale, and there was paid to Rebecca Kistler's administrator, on her judgment, the sum of $547.50, being the principal of the judgment, $500, and interest thereon from March 27, 1888, date of last revival, to the date of confirmation of sale, October 27, 1889. The Kistler judgment was assigned to Rebecca Kistler on May 7, 1880; Rebecca Kistler died January —, 1890, having first made her last will and testament, therein nominating J. P. P. Kistler as executor of her said will.

"If the court be of the opinion that interest can be legally collected on the Kistler judgment, of No. 228 January Term 1888, over and beyond the sum accruing from March 27, 1888, date of the last entry of revival, out of the proceeds of sale of real estate in the hands of E. K. Gildner, assignee of Jonas Gildner, as against the judgment of D. & J. Mosser, subsequent lien creditors, then judgment to be entered for the plaintiff and against the defendants for the sum of $156; but if the court be not of that opinion, and that interest could only be collected on the Kistler judgment from March 27, 1888, to the date of the confirmation of the assignee's sale of real estate, being October 27, 1889, out of the proceeds of sale, as against the judgment of D. & J. Mosser, subsequent lien creditors, then judgment to be entered for defendants; costs to follow judgment; either party reserving the right to sue out a writ of appeal and certiorari."

The agreement of revival, signed by Rebecca Kistler and Jonas H. Gildner, made a part of the case stated, was as follows:

"REBECCA KISTLER,　　Of January Term, 1888, No. 228.
　　　　v.　　　　　　　　Amicable action of
"JONAS GILDNER.　　scire facias to revive judgment,
　　　　　　　　　　　　No. 219 April Term 1883.

"It is hereby agreed, by and between the parties above named, that the above amicable action of scire facias be enter-

Opinion of Court below.

ed on the records of the Court of Common Pleas of Lehigh county, by the prothonotary thereof, and that the same be in all respects effectual. And it is further agreed that judgment be entered therein, in favor of the plaintiff and against the defendant above named; that the above stated judgment be revived and continue a lien upon the defendant's real estate for another period of five years, for the sum of five hundred dollars with interest, as above stated, with release of all errors, etc.; agreeable to the provisions of the acts of assembly in such case made and provided.

"Witness our hand this　　　　　day of　　　　A. D. one thousand eight hundred and eighty-eight."

After argument, the court, ALBRIGHT, P. J., entered judgment upon the case stated for the plaintiff, in an opinion which, after reciting the facts, proceeded as follows:

In the case of H. A. Cortwright v. Reuben Rex, No. 174 June Term 1883, this court passed upon a question raised upon a revival of a judgment in the same form as that above set forth. There the question was, whether " with interest as above stated " meant interest from the date of the original judgment, or from the day of the revival. The court, after referring to the act of 1700, [1 Sm. L. 7,] which provides that interest shall be allowed on all judgments from the time of obtaining the same, and also referring to Fogelsville Ass'n's App., 89 Pa. 293, where it was decided that it is not necessary in a revival to liquidate the amount of principal and interest then due, said that where the parties to an amicable revival had stated in the agreement the amount for which the judgment should be revived, in the absence of fraud or mistake the amount thus agreed upon must be taken to be the amount then due. The court also said that upon " the face of the record (no facts are submitted to vary it,) defendant owes only what is specified in the agreement to revive; " further remarking, that " with interest," when it follows a promise to pay or the acknowledgment of a sum due, in the absence of a reference to the past means interest in the future.

That decision and the reasoning which led to it is entirely satisfactory to the court now. But it does not rule this case. The facts are different. There the decision depended upon

Opinion of the Court.

the construction of the agreement to revive alone. It was not shown that there were arrearages of interest, when the judgment was revived for the same sum as the original judgment. Here it is stated to be a fact that $156 interest was due when the judgment was revived the last time, and not included in the sum for which it was revived; in other words, that it was omitted by the mutual mistake of the parties to the agreement.

The defendants were not prejudiced by the record. Their debt and lien existed nearly fifteen years before the last revival of plaintiff's judgment. True, defendants' judgment was revived the last time for more than the principal. But this implies that accrued interest was included, not that more money was advanced.

The judgment was "again revived." I have no doubt that if there was a subsequent purchaser or encumbrancer without notice, who would be prejudiced, the plaintiff, Kistler, would be held to the agreement of revival, according to its terms; that the record would prevail, and that the amount would be taken to be $500 only.

April 7, 1890, upon the case stated, judgment is entered in favor of the plaintiff for one hundred and fifty-six dollars and costs.

—Thereupon the defendants took this appeal, specifying, inter alia, that the court erred:

1. In entering judgment for the plaintiff for $156 and costs.
2. In not entering judgment for the defendants.

*Mr. Marcus C. L. Kline,* for the appellants.

Counsel cited: Fogelsville Ass'n's App., 89 Pa. 293; § 3, act of March 29, 1827, 9 Sm. L. 319; Bear v. Patterson, 3 W. & S. 237; Mehaffy's App., 7 W. & S. 200; Hance's App., 1 Pa. 408.

*Mr. E. J. Lichtenwalner,* for the appellee, was not heard.

OPINION, MR. JUSTICE CLARK:

In the revival of a judgment by scire facias, it is not required, in order to continue the lien, that the amount of the principal and interest then due shall be liquidated. A general judgment upon the scire facias, that the judgment be revived for another

period of five years, is sufficient. The judgment of revival in such case points the subsequent purchaser or encumbrancer to the original, where the amount is fixed, and the liquidation is a mere matter of calculation: Fogelsville Ass'n's App., 89 Pa. 293. But it is desirable in most cases, that liquidation of the amount of the debt and interest should be made; and, when that is done, and judgment is entered upon the lien docket accordingly, subsequent purchasers and lien creditors need look no further: Bear v. Patterson, 3 W. & S. 233; Mehaffy's App., 7 W. & S. 200; Ridgway's App., 15 Pa. 177; Coyne v. Souther, 61 Pa. 455.

In the case at bar, the judgment of Benjamin Kistler was originally entered May 25, 1873, for $500; it was revived May 11, 1878, for $500; May 7, 1883, for $500; and again, March 27, 1888, for $500, with interest. The last revival was by amicable scire facias in due form, stating the parties, the number and term of the last preceding entry, and the number and term of the amicable scire facias: the judgment is confessed "for the sum of five hundred dollars, with interest, as above stated;" and it was so entered. The precise and formal entries in the lien or judgment docket are not given, as they should have been, and we are therefore not possessed of the most important fact in the cause. In our decision of the question raised in the case stated we are confined strictly to the facts set forth therein as upon a special verdict: we must assume, therefore, that any affirmative, relevant, or material fact not stated does not exist.

It does not appear that the entry of the revival upon the judgment index was for $500, with interest from any antecedent date. If we may presume anything in a case stated, we might perhaps presume that in this case the officer did his duty, and entered the judgment upon the judgment index in accordance with the terms of the confession; if so, it was entered for $500, with interest, the fair and reasonable intendment of which is that the judgment was to bear interest from that date. The expression, "as above stated," clearly refers to the statement of the case written above and upon which the judgment was confessed,—the statement of the names of the parties, their agreement to have a scire facias entered in that form, the number and term of the judgment to be revived, and the number and term to which the revival was to be entered; upon

the case thus "above stated," the judgment was confessed. There was nothing "above stated" with reference to the interest, and the phrase, therefore, could have no significance in respect of the interest.

If the judgment had been entered for $500, with the accrued interest, or with interest from a certain day, or from the date of the original, or any of the intermediate judgments, purchasers and subsequent encumbrancers would have been warned at the sale, and might have regulated their bidding accordingly; but, as it was, they had every reason to believe that interest would accrue from the date of the revival only. Purchasers and subsequent encumbrancers, who are interested in determining how to bid in order to protect themselves, have a right to assume that entries are properly made on the judgment docket; and it is the duty of the judgment creditor to see that his judgment is rightly entered there, and in such manner as to indicate fully the extent of his claim: Ridgway's Appeal, supra. The learned judge of the Common Pleas seems to have supposed that, as the Mosser judgment, although the junior encumbrance, had been entered for several years before the last revival of the Kistler judgment, the holder thereof was not prejudiced by this record; that it is only a subsequent purchaser, or a judgment creditor whose lien was originally entered afterwards, without notice, who would have any right to stand upon the record to defeat the allowance of this undisclosed arrearage of interest. But when Gildner's real property was offered at public sale by the assignee for creditors, how were the Mossers to know, except by the record, what liens were prior to their own, and to what sum the property must go to cover their claim? The holder of an encumbrance originally entered after the revival in question, would certainly have the same right to rely upon the record, but we cannot see in what respect his right could be superior.

The judgment is reversed, and judgment is now entered on the case stated for the defendant.