## Fees *v.* Shadel.

*Judgment—Striking off or vacating judgment—Execution.*

Where goods have been levied upon as the property of the defendant in an execution, the real owner of the goods, who was not a party to the litigation, has no standing to intervene and ask that the judgment, under which the execution was issued, should be stricken off or vacated.

No man can make himself a party to pending litigation between others by his own act, or statements on the record.

*Principal and agent—Undisclosed principal—Execution.*

The acts of an agent within the scope of his ostensible, but in excess of real, authority are binding upon his principal as to third persons who have relied upon the agent's possession of such authority as he appears to have.

Where an undisclosed principal permits an agent to conduct a business in the agent's own name " as agent," and the agent purchases goods for the purpose of the business, and subsequently confesses judgment to parties from whom he had purchased the goods, the principal has no standing to intervene and prevent the distribution of the fund raised by the sale of the goods under regular process, or to ask the court that the confessed judgments should be stricken off or vacated.

Argued Dec. 3, 1901. Appeal, No. 265, Oct. T., 1900, by E. F. Phillips, from order of C. P. Schuylkill Co., Jan. T., 1897, Nos. 128 and 129, discharging rule to strike off judgments in case of B. W. Fees v. Joel Shadel, Agent. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

194                    FEES v. SHADEL.

Statement of Facts—Opinion of the Court. [20 Pa. Superior Ct.

·Rules to strike off judgments and vacate proceedings.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*E. P. Leuschner* and *A. W. Schalck*, for appellant.—All of
the judgments confessed by Shadel as the agent for Phillips,
and under which the sheriff's sale of Phillips's property was
held, are void for lack of authority in Shadel to confess the
same so as to bind his principal: Hampton v. Matthews, 14 Pa.
105; Reaney v. Culbertson, 21 Pa. 507; Stevenson et al. v.
Hoy, 43 Pa. 191; Twelfth St. Market Co. v. Jackson, 102 Pa.
269; Baltimore & Ohio Relief Assn. v. Post, 122 Pa. 579;
Cooper v. Rankin, 5 Binney, 613; Grove v. Hodges, 55 Pa.
504; Bellas v. Hays, 5 S. & R. 427; Gordon v. Bulkeley, 14
S. & R. 331; Payne v. Robinson, 1 Pa. Dist. Rep. 638.

An agent appointed simply to purchase and sell goods can-
not bind his principal by borrowing money on his credit: Earn-
est v. Stoller, 2 McCrary, 380; Kerns v. Piper, 4 Watts, 222;
Baltimore & Ohio Relief Assn. v. Post, 122 Pa. 596; Reading
R. R. Co. v. Johnson, 7 W. & S. 317.

Equity will follow a fund through any number of transmuta-
tions and preserve it for the true owner as long as it can be
identified, no matter in whose name the legal right stands:
Farmers' & Mechanics' Nat. Bank v. King, 57 Pa. 202; First
Nat. Bank of Wellsborough v. Bache, 71 Pa. 213; McDer-
mott v. Miners' Savings Bank, 100 Pa. 285; McDermott's
Appeal, 106 Pa. 366; Gracie's Est. v. Union Trust Co.'s App.,
158 Pa. 521; Freiberg et al. v. Stoddard, 161 Pa. 259, 261;
Frazier v. Erie Bank, 8 W. & S. 18, 20; Bank of Northern
Liberties v. Jones, 42 Pa. 536, 542.

*N. Heblich*, for appellee.—The execution creditor is entitled
to the proceeds without regard to the ownership of the goods
sold: Wilkinson's Appeal, 65 Pa. 189; Wilson Sieger & Co.'s
Appeal, 13 Pa. 426; Reily's Appeal, 36 Leg. Int. 413.

OPINION BY ORLADY, J., April 21, 1902:

This is an appeal by E. F. Phillips from an order of the
court of common pleas discharging a rule taken to show cause

why certain judgments should not be stricken off, and why all subsequent proceedings thereon should not be vacated.

E. F. Phillips became the purchaser, at a sheriff's sale, of a general store, which had been owned and conducted by Matilda Shadel, and placed her son, Joel Shadel, in charge, as his agent, to continue the business until all the debts for which he had become responsible were paid in full, after which time Joel Shadel was to be the owner of the store. No written authority was given to Joel Shadel, and the business was conducted in his name " as agent " for an undisclosed principal, though a number of persons who sold goods to Joel Shadel, as agent, knew that E. F. Phillips was the owner of the goods in the store. The business was conducted in this way for some time when Joel Shadel, individually and as agent, confessed a number of judgments to persons who were creditors of that business, and in some cases included his personal indebtedness in the amount of the note. On these judgments executions were issued and the property in the store was levied upon. In two of the judgments B. F. Fees was legal plaintiff, and in the third the use plaintiff. At the time the sale was held on these executions E. F. Phillips was present and participated in the bidding, although he had requested the sheriff to postpone the sale until he could take some steps to protect his interests. Subsequent to the sale he presented a petition to the court, setting forth the facts, and secured a rule to show cause why the three judgments mentioned should not be stricken off or vacated. These rules were discharged and the order of the court is made the basis of this appeal.

An examination of this record shows that this appellant is not a party to the judgments as they appear of record in the court below. Their validity is not questioned by the defendant therein, nor is it denied that he had such a title to the goods taken in execution as would warrant the plaintiff levying upon and selling them. As to the judgments the appellant was neither plaintiff nor defendant and had no standing before the court to interfere with process issued thereon. No man can make himself a party to pending litigation between others by his own act or statement on the record: Young, Smyth, Field & Co. v. Levy, 6 Pa. Superior Ct. 23.

Since Phillips permitted Shadel to continue the business and

to secure goods for the store there is no reason in law or in equity why the undisclosed principal should be permitted to intervene and prevent the distribution of the fund raised by their sale under regular process. It is an elementary principle, that acts of an agent within the scope of his ostensible, but in excess of his real, authority are binding upon his principal as to third persons who have relied upon the agent's possessing such authority as he appears to have : Thrall v. Wilson, 17 Pa. Superior Ct. 376.

The allegation of fraud is of so general and indefinite a character as not to warrant the court in setting aside process regular on its face. Furthermore E. F. Phillips did not make claim to the goods at the time of the sale, and permitted them to be sold as the property of Joel Shadel, agent, and of Joel Shadel. The judgments and process issued thereon being regular, the parties thereto are the only ones who have any interest in the distribution of the funds raised thereby, and they cannot be attacked in this collateral way: Wilkinson's Appeal, 65 Pa. 189 ; Levan v. Millholland, 114 Pa. 49 ; Weaver v. Adams, 132 Pa. 392 ; Hanika's Estate, 138 Pa. 330.

It would be highly irregular in such a summary proceeding to vacate and strike off judgments, which are regular on their face, on the petition of one who had no record interest therein.

The order of the court below is affirmed.