# Sondheimer v. Fox.

Where the copy of the summons served on the defendant in a suit before a Justice of the Peace sets forth that the suit was brought on three promissory notes giving their date, this is mere surplusage, and a mistake in the date of the notes as given is not ground for setting aside the judgment on certiorari.

Suit may be brought on a note not yet due. This fact is a matter of defense, but if it is not offered as such and judgment is permitted to be entered by default, such judgment is not void, and such defense cannot be subsequently raised on certiorari.

It is not necessary that the record of a Justice of the Peace should specify the hour in which he entered judgment by default if in fact the case was heard at the time to which it was continued.

JUSTICES—SURPLUSAGE IN SUMMONS—PROMISSORY NOTES—SUIT

BEFORE NOTE DUE—ENTRY OF HOUR WHEN JUDGMENT

GIVEN BY DEFAULT.

No. 1, August Term, 1902; C. P. of Lancaster County.

H. Frank Eshelman and I. Rosenthal for certiorari.

W. C. Rehm, contra.

Opinion by LANDIS, J., October 13, 1902.

On May 16, 1902, suit was commenced by the plaintiff against the defendant to recover the amount of three promissory notes of $37 each, dated March 21, 1901, and payable in three, four and five months. A hearing was fixed for May 22, 1902, between the hours of 10 and 10.30 o'clock a. m.; but on that day the case was continued at the request of B. F. Kready, Esq., who acted in this regard for the defendant, until May 23, 1902, from 10 to 10.30. The record shows that on May 23, 1902, the defendant not appearing, after hearing the proofs and allegations of the plaintiff, judgment was entered in favor of the plaintiff for $111, with interest and costs. This certiorari having issued the reasons assigned are first, that the copy of the summons served on the defendant shows that the claim was upon three promissory notes, aggregating $111, dated March 21, 1902, and payable in three, four and five months; and, second, that a judgment being entered by default, the record should show the time at which the hearing was had and the judgment rendered.

It is wholly unnecessary for an alderman in an action of assumpsit to refer in his writ of summons to the instrument upon which the plaintiff seeks to recover, and it is a novelty

for him to do so. He issues a summons in assumpsit not exceeding $300, and upon the hearing the obligation is offered as evidence of the claim. A record of the Justice must substantially show the cause of action, but this is all that is required by the statute. Therefore, while the copy served did state that the suit was for the recovery of the three notes set forth in the summons, aggregating $111, dated March 21, 1902, this portion of it was merely surplusage, and no one was bound thereby. A mistake in the copy served upon the defendant whereby the notes would seem to have been dated March 21, 1902, instead of March 21, 1901, for this reason seems to us to be of no importance. It deceived no one, and it did not oust the jurisdiction of the Justice.

In addition we do not think it is strictly correct to say that suit cannot be brought upon a note not yet due. Such a note is, of course, not recoverable if the defendant offers this as a defense; but if he sees fit not to do so and permits judgment to be entered, such judgment is not a void judgment, and especially is this so when the defendant with full knowledge of a mistake in the copy served upon him, asks for a continuance, and then fails to appear. In Lewis v. Smith, 2 S. & R., 142, it was decided, that a judgment erroneously entered is valid until reversed; and in Stewart v. Stocker, 13 S. & R., 199, that an execution which has been issued before the stay of execution expired is irregular and not void. To the same effect is Hanika's Estate, 138 Pa., 330; Morrison v. Baker, 9 Sup., 637. By analogy then we conclude that such a defense is not what can be called a jurisdictional defect, but is one that must be taken advantage of by objection upon the hearing or subsequently by appeal. It is not proper to raise it upon certiorari.

The record in this case sets forth that a day and an hour was fixed for the hearing, and a continuance was asked for and was granted upon the application of the defendant, and the time to which the case was continued was, as the defendant admits, communicated to him. It was not necessary that the record of the Justice of the Peace should specify the hour in which he entered judgment by default, if in fact the case was heard at the

Sondheimer v. Fox.

time to which it was continued. In Blessington v. Commonwealth, 12 Cent. Rep. 512, is was said in the Court below by the late Judge Patterson: "All that appears . . . is in strict compliance with the sixth section of the Act of March 20, 1810, which says, 'In case the defendant does not appear upon the summons on the day appointed, the Justice may, upon due proof by oath or affirmation of the service of the summons as aforesaid, proceed to give judgment by default publicly against the said defendant, allowing twenty days as aforesaid for an appeal,' &c., &c. There does not appear to be any statute or other binding authority that requires an alderman to enter on his record the hour in which he entered judgment by default, or of the day and hour in which the defendant was summoned to appear, if the case is heard and the evidence presented." And in Wiseman v. Wiseman, 133 Pa., 89, it was said by the Supreme Court: "We think the docket of the Justice sets out the proceedings in the attachment with sufficient certainty. All the essential matters are found there. It is not as full and accurate as it probably would have been had it been made up by an experienced lawyer, but we must not expect too much from a Justice of the Peace. Few of them have any legal training, and we must look at their records with a benign eye. To hold them to the strictest accuracy in every little detail would greatly impair the usefulness of this large class of magistrates." It was, therefore, held that in such an attachment before a Justice of the Peace it was not essential that his record should show the hour at which a judgment had been entered against the garnishee if it was entered. To the same effect are Robertson v. Clark, 9 C. C. Rep. 94; Missemer v. Trout, 17 C. C. Rep. 317; Cope v. Buck, 3 Lanc. Law Rev. 353; and many other cases.

We, therefore, conclude that the exceptions filed by the defendant must be dismissed and the proceedings of the alderman confirmed.

Exceptions dismissed.

From Lancaster Law Review,
Lancaster, Pa.