## Fehr v. Worden

George L. Reed, for plaintiff; Paul G. Smith, for defendant.

Fox, J., June 28, 1933.—We have before us a rule granted upon the use plaintiff, Atlas Fuel Corporation of Pittsburgh, to show cause why the writ of fi. fa.

issued to the above number and term should not be set aside or amended as prayed for, all proceedings on said execution to be stayed pending the determination of the rule.

To this rule an answer was filed, and, as disclosed by the petition and answer as well as the records, the facts are substantially as follows:

On December 17, 1914, Elizabeth I. Worden executed her note in the sum of $1,500 with interest, payable upon her death to Margaret H. Fehr, therein authorizing and empowering any attorney of any court of record to appear for and enter judgment against her; on the same day she executed and delivered to Lockwood B. Worden another note in like amount and similar in its terms and conditions. At the argument, it was stated that Margaret H. Fehr and Lockwood B. Worden were her children.

The note to Margaret H. Fehr was entered of record to No. 321, March Term, 1915. The note to Lockwood B. Worden was entered some years later. Margaret H. Fehr assigned the note made to her to Harrison R. Fehr, Sr., who subsequently assigned the note to Lehigh Valley Finance Corporation, which subsequently assigned the same to Atlas Fuel Corporation of Pittsburgh, the present use plaintiff, which has caused a fi. fa. to be issued upon the same. On August 16, 1921, an amicable sci. fa. to revive said judgment was filed to No. 321, March Term, 1915, executed by Margaret H. Fehr and Elizabeth I. Worden, in which it is provided that "judgment be entered thereto in favor of the plaintiff, and against the defendant, with all the waivers and conditions contained in the original judgment for the sum of $1,500, being the amount of debt and interest now due on the original judgment." On August 14, 1926, a second amicable sci. fa. to revive said judgment was filed by Elizabeth I. Worden to No. 862, June Term, 1926, reviving the judgment entered to No. 679, June Term, 1921, which contained the same language as the former revival, viz, "that a judgment be entered thereon in favor of the plaintiff and against the defendant, with all the waivers and conditions contained in the original judgment for the sum of $1,500, being the amount of debt and interest now due on the original judgment." On August 11, 1931, a third amicable sci. fa. to revive the judgment was issued and filed by Elizabeth I. Worden to No. 734, June Term, 1931, reviving No. 862, June Term, 1926, which revival contained the language, "that a judgment be entered thereon in favor of the plaintiff, and against the defendant, with all the waivers and conditions contained in the original judgment for the sum of $1,500, being the amount of debt now due on the original judgment." On March 24, 1933, a writ of fi. fa. upon the judgment entered to No. 734, June Term, 1931, was issued by the use plaintiff, the said Atlas Fuel Corporation of Pittsburgh, "debt $1,500, credit none, interest from December 17, 1914", and it is to this fi. fa. that the rule pertains, the executor of the estate of Elizabeth I. Worden, deceased, being the petitioner for the rule.

The validity of the judgment for $1,500 is not questioned, but the executor of the estate of Elizabeth I. Worden, deceased, the substituted defendant in this case, contends that interest can only be computed from the date of the last revival of the said judgment, viz, August 11, 1931, and not from December 17, 1914.

In all the revivals, it was suggested that judgment be entered against the defendant with all the waivers and conditions of the original judgment. This made it incumbent upon all junior encumbrancers and others interested to look to the original note on which judgment was entered. One of these conditions was that the note should draw interest and that the debt and interest were not due and payable until the death of the maker. Ordinarily they would not be com-

pelled to look beyond the judgment index: Nolan v. Wittenmyer et ux., 18 D. & C. 734, and cases there cited.

In the case of the Appeal of Fogelsville Loan and Building Association, 89 Pa. 293, in a per curiam opinion, the Supreme Court said:

"There is nothing in any of the Acts of Assembly upon the subject of the revival of judgments which requires that when a judgment is revived, the amount of principal and interest then due should be liquidated. A general judgment upon the scire facias to revive that the judgment be revived for another period of five years is all that is prescribed. Such has been the uniform practice. No doubt it may often be advisable where no interest has been paid on the debt to ascertain the amount. But the judgment of revival points the subsequent purchaser or encumbrancer directly to the original judgment where the amount is fixed, and a simple calculation ascertains the interest due upon it."

In the case of Kistler, Exec'r, v. Mosser et al., 140 Pa. 367, there is an approval of what was said in the Fogelsville case, supra, and at page 372, it is further said: "But it is desirable in most cases, that liquidation of the amount of the debt and interest should be made; and, when that is done, and judgment is entered upon the lien docket accordingly, subsequent purchasers and lien creditors need look no further: Bear v. Patterson, 3 W. & S. 233; Mehaffy's App., 7 W. & S. 200; Ridgway's App., 15 Pa. 177; Coyne v. Souther, 61 Pa. 455."

It is apparent that the said Elizabeth I. Worden, by the giving of these two notes to her daughter and son on the same day, postponing the payment of the debt and interest until her death, because by reference to her will she gave to them nothing, thereby purposed to accelerate to some degree, without imposing a burden upon herself, what they should receive from her at the time of her death; they had the power of assignment and could obtain the proceeds of the sale and assignment of the notes at any time before her death. Both were treated alike.

It will be noted that the revivals were not directed through and by an attorney. There was nothing due, although the sci. fa. of revival spoke to the contrary.

We are of the opinion that the said Elizabeth I. Worden, when she filed the erroneous revival, did not intend to cut down in any way what she had originally given to Margaret H. Fehr, including interest from the date of the note until the date of her death, and when the revivals were made they were made with the intention of rendering a general judgment, as it was pointed out in the case of Fogelsville's Appeal, supra, may be done.

To have calculated interest from the date of the instrument to the date of the revival and entered a judgment for the debt of $1,500 plus interest so calculated would have been erroneous, because it would have entitled the holder of the judgment thus revived to compound his interest and receive and obtain more in the end than was intended by the said Elizabeth I. Worden.

Our attention is called to the fact that the holder of the other judgment mentioned is a junior encumbrancer and is not a participant in this matter, nor is the legatee and devisee in the will a participant here. The sole participant is the executor of the estate of Elizabeth I. Worden. A reference is made to Wilkinson's Appeal, 65 Pa. 189, where it is held that it is well settled that "An erroneous judgment or execution is not void; it can be set aside only by direct action by parties having an interest in it and not by collateral attack in any other proceeding." It is contended by the petitioner that a junior encumbrancer would have been excluded from objecting to the amount mentioned in the writ of fieri facias and from asking for a stay of execution. We do not agree with this; that is true in some cases, as is stated in the court's opinion, but a junior encumbrancer we regard as a party in interest and we see no reason why he

should be excluded when his interests are being affected by an erroneous claim made by the prior encumbrancers. But aside from that, looking through all these proceedings, we are of the opinion that from start to finish Elizabeth I. Worden intended to treat both children equally, and that the judgments should remain as provided for in the note and not be affected by any technicality in the revival.

Wherefore we are of the opinion that the rule should be discharged, and the sheriff be allowed to proceed in the execution of the writ.

And now, June 28, 1933, upon due consideration the rule is discharged, and the sheriff is authorized to proceed with the execution.

From Homer L. Kreider, Harrisburg, Pa.