## First National Bank of Scranton v. Jermyn et al.

*Welles, Mumford & Law*, for plaintiff.

*James K. Peck*, for defendants.

EAGEN, J., May 18, 1948.—On September 12, 1930, judgment was entered against defendant upon a note containing a confession thereof. This judgment was assigned to plaintiff on April 30, 1932. On September 4, 1935, plaintiff caused the issuance of a writ of scire facias "to revive and continue the lien", of the original judgment. The sheriff's return thereon was "nihil habet" and subsequently judgment was entered for want of both an appearance and an affidavit of defense. Similar writs of revival were issued on September 11, 1940, and October 27, 1945. The sheriff's

return in both instances was again "nihil habet". The entry of judgment followed for failure to appear and answer. The final judgment in the amount of $126,863.03 was entered on December 27, 1945. Thereafter a writ of attachment execution issued upon this last recorded judgment.

We are now confronted with both motions to strike off the judgments entered in the three sci fa. proceedings and to quash the writ of attachment execution.

Counsel for defendant has raised some very interesting legal questions, which manifest excellent mental gymnastics. We must, however, disagree with their conclusions and dismiss the motions now before the court.

The motions to strike off and quash may be summarized as follows: It is argued: (1) That the final judgment entered upon the last sci. fa. issued is a judgment in rem, and if so, no attachment execution could properly follow thereon; (2) that in the sci. fa. proceedings the original judgment was not itself revived but merely the lien thereof as it applied to real estate and therefore the judgment upon which the attachment execution writ issued is necessarily in rem; (3) if the judgment entered in the sci. fa. proceedings is considered a judgment in personam by the court it is void and unconstitutional being in violation of the "due process clause".

It is correct that an attachment execution can issue only on personal judgments: See Patton, Pa. C. P. Practice, 2d ed., 580 and 7 Standard Pa. Practice 614. We do not agree that this rule applies herein or to judgments entered in sci. fa. sur judgment proceedings. It contemplates, rather, actions that are truly and strictly in rem, such as a proceeding to hold a decedent's land subject to his debts, or to a sci. fa. sur mechanic's lien or upon a municipal claim or a mortgage.

Generally, a writ of scire facias to revive a judgment is considered not an original but rather a judicial writ founded upon some matter of record and to enforce execution thereof. Properly speaking it is a continuation of the original action. It creates nothing new, but reanimates that which before existed: 2 Freeman on Judgments, 2266, 2267, §1091.

True, there are confusing statements in Pennsylvania authorities in regard to the nature and effect of the proceeding.

In Irwin et al. v. Nixon's Heirs, 11 Pa. 419, it was held that the judgment on a scire facias is not a new judgment giving only vitality from that time but it is a revival of the original judgment giving or rather continuing its vitality, with all of its incidents, from the time of its rendition. In Grover et al. v. Boon, 124 Pa. 399, it was held after a judgment of revival the execution should issue upon the original judgment rather than the latter one, on the theory that no new action was involved. In Murphy v. Crawford, 114 Pa. 496, 499, it is said:

". . . the purpose of the writ is simply to continue a former suit to execution. It is therefore not an original action, but the continuation of a pending suit, and the specific cause of action is the judgment."

In Lyon to the use of Conklin v. Cleveland, 170 Pa. 611, 617, it is said:

". . . The revival of a judgment means simply a new award of execution process for its collection. . . ."

However, in 2 Freeman on Judgments 2290, §1102, we find the following statement:

"Under the Pennsylvania practice scire facias is not a mere judgment that execution issue, but a new judgment for a greater sum than the old one. The new judgment is a lien on lands not bound by the old one. It seems also to merge the original judgment, so that if a second scire facias is desired, it can only be obtained on the first scire facias, and not on the original judgment." Citing the following: Kistler

v. Mosser, 140 Pa. 367, Fogelsville Loan, etc., Association Appeal, 89 Pa. 293, and Custer v. Detterer, 3 Watts 28. In these and other cases the court appears to consider the proceeding a new and independent action resulting in a judgment quod recuperet, rather than a mere award of execution: Hays v. Shannon, 5 Watts 548; Shaeffer v. Child, 7 Watts 84; Little v. Smyser, 10 Pa. 381; Stewart v. Peterson's Executors, 63 Pa. 230, Duff v. Wynkoop et al., 74 Pa. 300, and 7 Standard Pa. Practice 266, 267, §§55 and 57, and 6 Standard Pa. Practice 892, 893, §546.

It is our analysis that the last judgment is the proper one for execution to issue thereon. The judgments are merely a series which support one another. The last judgment of the series is that by which the amount of plaintiff's claim is ascertained and his right to execution therefor determined. The several judgments in the sci. fa. proceedings have served to continue the lien against and preserved plaintiff's right to seize, upon execution process, all the real estate subject to the original judgment. In addition, execution process was available upon the last judgment in the series, to seize any available personal property of defendant.

The nature or validity of the original judgment herein is not contested. Clearly it is in personam. It is upon this judgment that the court's jurisdiction rests. In our opinion this judgment is the basis, the core, the whole cause of action. The court's jurisdiction acquired by defendant's confession and warrant continues until the proceeding's end.

Appropriate orders denying defendant's motion to quash the writ of attachment execution and to strike off the judgments will be forthwith entered.

Now, May 18, 1948, the motion to quash and dissolve the writ of attachment execution is overruled and the motion to show cause is discharged.